I'm appearing today on behalf of the petitioner Gurpreet Singh Brar. In denying Mr. Brar's motion to reopen, the board gave three reasons, and these are set forth on pages 2 through 4 of the administrative record. H.C.F.R. 1003.2c says that a motion to reopen shall state the new facts that will be proven at a hearing to be held and shall be supported by affidavits and other evidentiary materials. That's all it says. In this case, the board suggested that we had failed to comply with that regulation because it said that the motion before us contains nothing more than statements by counsel. Well, that's just simply not the case. The motion included- Let me ask you a question. It didn't seem to me like in anything that you had presented either before the agency or before that you ever dispute that you're longer than the 90 days. That's absolutely true, Your Honor. So at that point, you've got to fill a file under one of the-fall under one of the exceptions, correct? Correct. And so what you're really suggesting is that then there's a change of country conditions. Right. Is there any precedent for the fact in this particular motion to reopen that one does not file within 90 days of knowing about the change of country conditions? No. So you can know about the change of country conditions for years and not have to do anything about it? You can just get through the 90 days by just saying there's a change of country conditions even though it happened many years prior? Yes. All right. The simple answer is yes. The case on that- On what case? Basin, Your Honor. B-H-A-S-I-N. All right. Okay. That was my question. I mean, I wanted to make sure about that. Okay. But we presented a slew of documents showing that conditions had dramatically changed since 2003. If you look at the immigration judge's decision in this case,   The critical factor is that the immigration judge's decision was not to open the case. I find that conditions in India have improved substantially for Sikhs since the elections in 1999. And a big part of that, she says, was that the respondent offered no evidence that his family had been harmed or threatened with harm since his departure in 1995. The documents that we presented, three affidavits from witnesses, show that in 2004, the Indian authorities came looking for Mr. Brar and shot his brother in the process of trying to detain him to question him about Mr. Brar. And in addition, we presented a doctor's letter showing that the brother had been treated. Let me ask you a second question. The case came up once before, and when it came up once before, your client had argued that they had past persecution, the IJ had found against them. They had future persecution, the IJ found against them. And we affirmed. On that particular situation, then, you file a motion to reopen, and now we are here again. As to the past persecution, or as to the future persecution, what do we have of a subjective nature in this record to suggest that your client really feared future persecution? Well, on this issue about what this Court affirmed, Your Honor, it's important to note that the immigration judge ruled in the alternative. She said no past persecution and changed country conditions. Yes, she did. The BI summarily affirmed, which means that the BI did not necessarily agree with the reasoning, but it thought the result was correct. This Court affirmed only on the issue of changed country conditions. It didn't affirm on the issue of past persecution. So the issue of past persecution has actually never been addressed by the Board. We think that's the problem in large part with their conclusion that the petitioner failed to establish, make out a prima facie case for withholding of removal. Because the whole framework in deciding whether he's established withholding of removal hinges upon whether there's past persecution. But the Board's never weighed in on that question. And it's for that reason that we think the Board's failed to offer any real reasonable explanation for its conclusion that he failed to make out a case of prima facie, prima facie case for withholding. Because you can't know that until we address that threshold question, and the Board's never weighed in on that. But I missed the second part of your question. You had another. Well, my worry is that having ruled on these issues months previously, what do I have in this record now which would suggest that your client fears future persecution? I guess for starters, the Board didn't actually base its decision on the lack of a subjective fear. I thought it did, because the bottom line was it said we don't even have an affidavit in here from the client to suggest one way or the other what the client really thinks. Which to me was saying we don't know whether this client, whether this particular person fears future persecution. I would disagree with you that the Board is going to subjective fear, but in any event... Well, what was it going to? It seems to me that's the only reason to have the affidavit. As you've argued, the reason that you have all this other evidence is that there is some chance of future persecution here, and you don't need any further affidavit. All you've got to do is have the evidence of the future persecution. So I look at the argument itself, then how do I know that he feared it? Right. Well, I would disagree with that characterization, but assuming that's true, it's never been disputed that the immigration judge in this case made no adverse credibility finding. And he testified at his original hearing, he's afraid to go back, he's continuing to refuse to go back to India. The Board of Immigration Appeals summarily affirmed, and in the Ninth Circuit, when this case came before the Ninth Circuit, the government conceded expressly in its brief that the immigration judge had made no adverse, expressed adverse credibility finding. So when we make the motion to reopen, obviously we're not simply relying on the evidence that was presented with the motion. We're relying on the combination of the evidence that was previously presented and the new evidence. And the evidence that was presented to the immigration judge demonstrated a fear. He testified he's afraid to go back, and the judge accepted that as credible. And the board was obligated, unless it's going to make an adverse credibility finding, which it didn't, obligated to accept that as true. Can I take this in a different direction? What do we do with the board's statement that even if he makes out a prima facie case in our discretion, we would deny reopening because he didn't report for removal? I'd like, if I can, for you to look at the evidence that the government presented on this. It's on page 11 of the administrative record. It's what we call a bag and baggage letter. It's something that they often send to an individual after the individual has exhausted all of his, you know, administrative and judicial remedies. But the problem with this is, I think, at least threefold. I mean, first, the document says arrangements have been made for your departure to Mexico. It's not clear whether this was a draft or what. It's not clear that it was ever mailed to Mr. Brar or his attorney. There's no evidence of mailing. There's no evidence of receipt. And more importantly, there's no evidence that he actually failed to appear on the date. So if you look at this, what happens is they send this letter out, and if the person fails to appear, they stamp it. And then the deportation officer to whom he's supposed to be reporting signs it and he dates it. And this thing, it has a stamp, but it's not signed by a deportation officer and it's not dated. There's absolutely no... I didn't even see it in your brief to us. Well, how could we argue that, Your Honor, if it's not in the record? I guess that's my point. Okay. I won't suggest you argue other things not in the record, because I'm not sure about that. But nonetheless, the bottom line is, it doesn't seem to me that one can even get to your particular argument if nobody ever said, well, I didn't get it. I mean, you argue about the affidavit, and that wasn't in front of the BIA either. You argue about the notice, that wasn't in front of the BIA. You argue about all the things that were wrong about the particular documents that were there that weren't in front of the BIA. But never once do you say, we didn't get it. I have no idea whether he got it. I can't say, because it's not reflected in the record. What I can say is what's reflected in the record is there's no evidence that he failed to appear. Because the deportation officer didn't do what he was supposed to do here. He didn't sign it. He didn't date it. There's no evidence that he failed to appear on that particular date. What's important to remember here, Your Honor, is the government made this request for dismissal. They didn't even have their own file. If you look at their brief here on page six, it says the government file is not currently available for us to respond in detail. They didn't even have their file. They had this thing here somehow that they presented to the board. But again, there's no evidence that it was mailed, no evidence that it was received. We have to go by what's in the administrative record, and there's no evidence that he actually failed to appear because it's not signed off. Now, the government says we could have raised this with the Board of Immigration Appeals. We failed to exhaust administrative remedies available as of right. That's actually just not true. I mean, if you look at the regulations, we have no right to file a reply at a motion to reopen. And in fact, if you look at the board's own manual on reply briefs, what it says is the board does not normally accept briefs outside the time set in the briefing schedule, and the government filed its brief late. The briefing schedule had expired, including any brief by the appealing party in reply to a response brief by the opposing party. We don't have a remedy as of right. It's just wrong to suggest that we do. We're stuck with what's in the record, and the record doesn't really make out a case that he failed to appear for the reasons I just outlined. Thank you. Good morning. May it please the Court, Vanessa Lafour for the Attorney General. Your Honors, in this case, as you've already pointed out, Petitioner filed an untimely motion to reopen. That motion was four years late, and that issue is solid. He hasn't contested that at all. What he failed to do, though, was he failed to satisfy his basic evidentiary burden of proof for motions to reopen. He didn't submit a personal affidavit attesting to the changed country conditions that he's alleging. Where does it say in the record, or in the regulations or the statute, that he has to file a personal affidavit about changed country conditions? Your Honor, the regulations don't specifically say that an alien or a movement has to file a personal affidavit. They do require motions to reopen to be, it does require that the movement, the movement's motion to reopen to be a personal affidavit. He doesn't submit an affidavit or other evidentiary proof. Here, though, what we have is an affidavit from Respondent's brother in India, which speaks to an event that took place in November 2004, which is four years prior to him even filing the motion to reopen. Why don't we have an affidavit from him? I think that's the bigger question. We have affidavits from people in India. We don't have affidavits from someone that's currently in the United States. I think that's the best question to ask here. It's his burden in a motion to reopen, and that's a heavy burden, as the Supreme Court has exemplified in Abudu and Doherty, to prove changed country conditions. We simply don't have any of that. And even putting aside the issue of lack of personal affidavit, if we look at some of the evidence that he did submit, for example, like I stated, his brother's affidavit, it doesn't say anything about changed country conditions. It doesn't say much of anything at all. What it does say is that some point in November 2004, the police in India came to arrest his brother. They shot him in the leg. When he was recovering in the hospital, the police asked about Petitioner's whereabouts. That doesn't really speak to anything about changed country conditions. It doesn't say why the police shot at his brother. It doesn't say why the police were searching for Petitioner. And in fact, that's really not any different than his original asylum claim that came before this court. He claimed originally that the police arrested him twice because they believed that he was supporting terrorists. So the police were looking for him before. And according to this affidavit that's in the record, the police were still looking for him in November 2004. Nothing's changed. Now, if we look to the rest of his evidence, he relies most heavily on some evidence that he pulled from the Internet, I believe. And most of that evidence is dated November 2005 and 2006. This is still three years prior to him filing his motion to reopen. There's no explanation for why he waited so long. But as I understand it, and the counsels suggested, he doesn't have any duty to file within a certain time period on a motion to reopen, only to show that the country conditions have changed since the hearing. But why didn't he act diligently in filing that as soon as he found that evidence? Now, his brother's affidavit speaks to something that happened in November 2004. That's before his original petition for review was even decided by this court. It just makes no sense as to why he waited so long. If we suppose that the clients that signed these affidavits, that there were situations that now exist in the country of this type, and say, well, those, maybe those are changes in the conditions because that evidence of that nature was not present in the prior hearing before the IJ or whatever. Now, if there, and maybe that's a change in the country conditions. If we say there was a change in the country conditions, that's what's required, seems to me. And when he found out about it or when he should have filed, doesn't seem to make much difference. If there's a changed country condition, that's what has to be established. Am I wrong in that? It has to be established that there's a changed country conditions, yes, you're correct, Your Honor. Now, whether or not there's some case law out there requiring a person to file that within a certain amount of time when he found that out, I'm not sure of that. However, I know in cases such as ineffective assistance of counsel cases where people frequently file motions to reopen, they do have, they need to act diligently from the time that they discover that their counsel was ineffective to the time that they actually file their motion to reopen, they need to submit an affidavit, et cetera. And I would submit that this is sort of a similar case. Otherwise, you would have movements frequently just filing 10, 15, eight years out of time, even though they're alleging the change in conditions happened, let's say, four years prior, which is what apparently happened in this case. All of the evidence that he's relying on is two, three, four years old. Why didn't he file that earlier? And why didn't he submit a personal affidavit? He still hasn't explained that, and as was pointed out earlier, he didn't report for removal, and no, there's nothing in the record to show whether he did or didn't, but it is true that he hasn't argued that he never received the notice to surrender, and he was put on notice. It seems to be putting on him the burden of winning his application for asylum, and all he has to show at this point are changed conditions sufficient to grant a motion to reopen. And then I guess he would send it back if that were the case. And then you'd have this further hearing, at which point you'd probably ask him all of these questions and cross-examination. And if he doesn't have anything that really is that new or that different, the result would likely be the same. But the problem is, can we force that kind of a showing on him in order to get the motion to reopen if he otherwise satisfies, which seems to be the statutory or regulatory requirements for a motion to reopen? But the government submits that he hasn't satisfied his burden, and it is his burden to show that he has submitted enough evidence to merit reopening, i.e., that he's prima facie eligible for asylum, withholding and removal, et cetera. Now, because his application or because his motion was untimely, he needs to prove changed country conditions from the time of his original application. He hasn't done that. He hasn't submitted a personal affidavit. All of his evidence is submitted. I guess what he'd say in the personal affidavit, because he wasn't in India where all this stuff happened, he can't submit an affidavit to say this happened, because he wasn't there. He doesn't know. All he can say is, well, having considered all of these things at Reedy, he has recourse for concern, and I fear future persecution, and establish that subjective element, which seems to be pretty clear from the case that that's exactly why he doesn't want to go back. Your Honor, I understand your point. However, I think that's a bit of a slippery slope if we don't, in this particular case, ask why he didn't submit his own personal affidavit. Then what we have is attorneys making arguments for their clients. My worry is this. It seems to me we have two different standards here. One standard is to get him back into court because he missed his 90 days, which is to suggest that there are changed country conditions. The second is, once getting back into court, whether he can qualify for asylum or for withholding, which then, as counsel has pointed out, which is the only way I got to, and I'm from Idaho, I don't do these every day, but then we have to look at the record that's already there. He does have affidavits in the record that's already there. He does have things in the record which would suggest there's past persecution and that he's afraid of future persecution. So my colleague's question is somewhat important. If you don't need an affidavit to get the changed country conditions, aren't we really looking at were there changed country conditions? If there are changed country conditions, he gets in, and now we go back and start over. Well, that's what I'm suggesting, Your Honor. If you do look at the evidence that he has submitted, they don't speak to any changed country conditions whatsoever. And if this court is going to focus on what in the record shows his subjective fear, we don't have anything suggesting what his subjective fear is. Maybe his fear was different back in his original asylum application, but when you originally file for asylum, you have to file an application in which you swear to that, and you provide testimony. Now, that testimony is from 2003. Has anything changed since then? We don't know. We have his counsel statements. We don't have his. The exception for untimeliness that he's trying to meet here is that he has not made a change in country conditions since the time of his original application, correct? Oh, right. So that makes your application timely. Right. That accepts you. In addition to its being timely, does it have to show something? The actual evidence? No, he has to show that the change in country conditions occurred, correct? That gets past the timeliness. Okay. So all he has to do is show changed country conditions and not say anything else, or does he have to make some sort of a showing? No, he has to make a showing that he's eligible for the relief that he's requesting as well, as he would if the application, if the motion to reopen were timely. It makes no sense to have a rule for a timely application. That sounds right to me. Right. And he didn't do that. And the thing here is that the board found at this point he doesn't have to add additional affidavits. If he can get past the changed country conditions, can he also rely on the application he already has filed and the things that he's already put in his application to meet the second requirement that he is able to have asylum and he's able to have the withholding? Because, as counsel has aptly said, we never ruled on that issue, and neither did the BIA. All we ruled on were other issues. Right. And the problem with that analysis, though, Your Honor, is that that petition for review was denied by this court, and any issues opposing counsel may have had with what was ruled on and what wasn't should have been made in a motion in a panel rehearing or something of that nature. We don't have any of that here. I think it's going off on a tangent by suggesting and going back in time and looking at the original application and seeing what happened back then. What's more important is did the board abuse its discretion in denying the motion to reopen here? It was untimely, and he didn't meet an exception to it, period. Whether we continue further than that and start looking at prima facie eligibility, we don't need to do that because he didn't meet the exception to allow him to file the untimely motion. That's where the analysis needs to end. Thank you, counsel. Any other questions? No. Thank you.
judges: Canby, Thompson, Smith N. R.